UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TESKA MOREAU ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2027** |
| **SHELL OIL COMPANY** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Petrofac Training, Inc.'s Motion for Summary Judgment (R. Doc. 86). For the following reasons, the Motion is DENIED.

### BACKGROUND

Plaintiff Teska Moreau alleges that he sustained a back injury during a Helicopter Underwater Escape Training (HUET) course on June 28, 2011.[1] At the time of the accident, Plaintiff was a seaman employed by Defendant Galliano Marine Service, LLC ("Galliano"). The training exercise was conducted by

---

[1] Moreau's wife and children also bring claims for loss of consortium in this action.

1

Defendant Petrofac Training Inc. ("Petrofac") at a facility owned by Defendants Shell Exploration and Production Company and Shell Offshore, Inc. (collectively "Shell").  On June 28, 2012, Plaintiff brought suit against Shell.  Plaintiff then amended his Complaint on January 8, 2014 to add Petrofac and Galliano as defendants. On October 23, 2014,  Shell moved for summary judgment, which this Court granted, stating that Shell was not liable for Plaintiff's injuries.

Petrofac now seeks summary judgment on the theory that Plaintiff's claims against it have prescribed.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

2

existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Petrofac contends that Plaintiff's claims against it have prescribed pursuant to Louisiana Civil Code article 3492, which states that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Accordingly, prescription began to run from the time of Plaintiff's injury on June 28, 2011 and

---

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

the last day to file a claim based on those injuries was June 28, 2012—the day that Plaintiff brought suit against Shell. Petrofac was not added to this suit until January 8, 2014.[10] Accordingly, Plaintiff's claim against Petrofac appears to have prescribed on its face. This is not, however, the end of the inquiry. "If the defendant proves that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts to the plaintiff to prove an exception to prescription."[11]

Plaintiff argues that pursuant to Federal Rule of Civil Procedure 15(c)(1), his Amended Complaint relates back to the date of his original filing.[12] Rule 15(c)(1) states that:

> An amendment to a pleading relates back to the date of the original pleading when: . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[10] Petrofac correctly states that because Shell was found to share no liability for Plaintiff's injuries, the timely filing against it does not interrupt prescription against Petrofac as a joint tortfeasor. *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 950 (La. 2002) ("[A] suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist.").

[11] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000).

[12] "[A]mendment to pleadings is a procedural matter to be governed by federal law." *Welch v. Louisiana Power & Light Co.*, 466 F.2d 1344, 1345 (5th Cir. 1972).

>    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c)."[13]  In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010), the United States Supreme Court stated that Rule 15(c) "imposes three requirements before an amended complaint against a newly named defendant can relate back to the original complaint:" (1) "the claim against the newly named defendant must have arisen 'out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;'" (2) the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits" within the period provided by Rule 4(m), which is 120 days; (3) "the plaintiff must show that, within the Rule 4(m) period, the newly named defendant '"knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."'"[14]

At the outset, Petrofac contends that Rule 15(c) is inapplicable here.  It argues that Rule 15(c) does not apply to "amended pleadings which name new, additional parties where the plaintiff continues to pursue a remedy against the originally named defendant."  Petrofac argues that by its clear language Rule 15(c) applies to situations in which an amendment "changes the party or the

---

[13] *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011).

[14] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010).

naming of the party" and does not apply to amendments that add additional parties.

Indeed, Plaintiff's Amended Complaint added Petrofac as a defendant while continuing to pursue claims against Shell. The Amended Complaint alleges that the helicopter simulator operator was employed by and/or acting as an agent of Petrofac and Shell and that Plaintiff's injuries were "caused by [the] negligence and fault of the employees and/or agents of the defendants" Petrofac and Shell. Plaintiff also vehemently opposed Shell's motion for summary judgment on the theory that Shell was liable for the negligent acts of Petrofac and/or its instructors because both were agents of Shell. Accordingly, Petrofac argues that this amendment does not amount to a substitution as required by Rule 15(c).

There is some unrest amongst courts regarding this issue. "Many courts have liberally construed [Rule 15(c)] to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule, although some courts have adopted a narrower construction."[15] The parties have not cited, nor could this Court find, a ruling from the Fifth Circuit on this issue. This Court need not, however, resolve this dispute for purposes of this motion. To the extent that Rule 15(c) requires a

---

[15] 6A ALAN WRIGHT & ARTHUR MILLER, FED. PRAC. & PROC. CIV. § 1498.2 (3d ed.). "[C]ourts are split over whether Rule 15(c)(1)(C)'s "chang[ing] the party" language should be read so strictly." *Telesaurus VPC, LLC v. Power*, No. CV 07-01311, 2011 WL 5024239, at *2 (D. Ariz. Oct. 21, 2011).

"change" in the identity of the parties, the Court finds that Plaintiff's Amended Complaint satisfies this requirement.  In adding Petrofac to this suit, Plaintiff substituted Petrofac in place of Shell on the claims that it had asserted in its original complaint.  Where he had once alleged that Shell, as employer, was liable for the negligence of the helicopter simulator instructor, it now alleges that Petrofac, as employer, is liable for his negligence.  While it retained Shell as a defendant, it did so under a different theory of liability.  This was evidenced by Plaintiff's opposition to Shell's Motion for Summary Judgment, in which it did not argue that Shell employed the helicopter simulator instructor, but rather, argued that Shell was liable under theories of agency.  Specifically, Plaintiff alleged that Shell was vicariously liable for the negligence of Petrofac and its employees because Petrofac was an agent of Shell.

The Fourth Circuit's opinion in *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007), supports this interpretation.  In that case, the Plaintiff originally brought a breach of contract claim against Praxair, Inc.[16]  When he realized that the proper defendant was Praxair Services, Inc., he amended his Complaint to substitute Praxair Services, Inc. on the breach of contract claim.[17]  In doing so, however, he retained Praxair, Inc. as a defendant and asserted for the first time that Praxair, Inc. should be liable under an alter ego theory.[18]  The Fourth Circuit held that:

[I]t still appears that the amended complaint *substituted* the party

---

[16] *Goodman v. Praxair, Inc.*, 494 F.3d 458, 463 (4th Cir. 2007).

[17] *Id.*

[18] *Id.*

7

> against whom the breach of contract claim was asserted. The contract claim was originally asserted against Praxair, Inc., but in the amended complaint it is asserted against Praxair Services, Inc. While Praxair, Inc., did remain a defendant in the amended complaint, it was named a defendant under a new theory of liability. This fact, however, is irrelevant to the relation-back inquiry as to the amended breach of contract claim now asserted against Praxair Services, Inc.
>
> Moreover, we can discern no policy that would be served by the Praxair defendants' restrictive reading of "changes," which would force the amending party to drop a defendant for each defendant he adds. Praxair, Inc., was placed on notice within the limitations period of the claims relating to the transactions alleged in the original complaint, and no unfairness to it resulted from leaving it in as a defendant in the amended complaint. Any unfairness caused by the amendment could only be claimed by Praxair Services, Inc., the new party. But the protections for Praxair Services are addressed by considering the requirements of Rule 15(c)(3)(A) and (B), not from reading the term "changes" narrowly. Because no limitations policy is at stake in the interpretation of "changes," the liberal amendment policy of the federal rules becomes paramount. *See* 6A Charles Alan Wright, et al. § 1498 ("If both the basic transaction test and the notice requirement of Rule 15(c) are satisfied, there is no justification for a restrictive interpretation of the word 'changing' that would require a plaintiff to choose among defendants"). In the present circumstances, we conclude that the amended complaint "change [d] the party or the naming of the party against whom a claim is asserted," as required by Rule 15(c)(3).[19]

This Court finds this analysis persuasive and finds that the relation back analysis of Rule 15(c) is applicable here.  Accordingly, this Court will now address whether Plaintiff's amendment satisfies the three requirements

---

[19] *Id.* at 468–69.

necessary for relation back.

First, Plaintiff must show that the allegations of the amended complaint arose out of the transaction or occurrence set out in the original pleading. Plaintiff contends that the Amended Complaint asserts a claim against Petrofac that arises out of the incident described in the original complaint. This Court agrees. The allegations of both petitions arise out of the HUET training in which Plaintiff alleges he was injured. Accordingly, this requirement of the relation back analysis is met.

Second, Plaintiff must show that the newly named defendant received notice of the action within 120 days of filing. Plaintiff contends that Petrofac received notice of this suit on the same day that Shell was served with the Complaint. Plaintiff presents a declaration from a manager at Shell in which he states that, upon receiving the Complaint, he met with David Haas McMillan of Petrofac, informed him of the suit, and inquired as to Petrofac's knowledge of the incident.[20] In his deposition, Mr. McMillan confirmed this conversation.[21] Plaintiff alleges that Mr. McMillan is "the highest ranking Petrofac employee involved with the training provided by Petrofac at the Shell Robert Facility."

Petrofac contests, arguing that the conversation was inadequate to serve as notice for Rule 15(c) purposes because Petrofac was not apprised of any specific claims against it. The Fifth Circuit, however, has stated that "[n]otice may be formal or informal" and that it is "notice and not service that Rule 15(c)

---

[20] R. Doc. 93-3.
[21] R. Doc. 93-5.

9

requires."[22] Accordingly, this Court holds that informing a high ranking officer of both the lawsuit and the incident from which it arose within the required time period is sufficient notice for purposes of Rule 15(c).

Finally, Plaintiff must show that the newly named defendant "'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" Plaintiff contends that he erroneously believed that Shell operated the HUET training at its facility and employed the operators of the helicopter simulator. Indeed, Plaintiff's original compliant supports this contention. In it, Plaintiff alleges that the operator of the helicopter simulator was employed by Shell and explicitly states that "the accident described hereinabove was caused by the negligence of the employees of the defendant, Shell Oil Company."[23] In its amended complaint, Plaintiff alleged that the helicopter operator was employed by and/or acting as an agent of Petrofac and Shell and that his injuries were "caused by [the] negligence and fault of the employees and/or agents of the defendants" Petrofac and Shell.

The Supreme Court has stated that this inquiry turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant."[24] This Court holds that when Petrofac learned that Shell had been sued as the employer of the helicopter simulator operator, it reasonably should have assumed that Plaintiff intended to sue it instead. Petrofac reasonably would have known that

---

[22] *Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 903 (5th Cir. 1989).

[23] R. Doc. 1-1, p. 2.

[24] *Krupski*, 560 U.S. at 554.

it, not Shell, was the employer of the operator alleged to have been negligent in causing Plaintiff's injuries and that Plaintiff had made a mistake in alleging that Shell was the employer. In fact, Petrofac admits that Plaintiff was notified "a number of times" about the involvement of Petrofac in this matter, revealing that everyone involved was aware that a mistake had been made. Petrofac also admitted to researching the incident after it received notice of this suit. Accordingly, this Court holds that Plaintiff has satisfied the requirements of the relation back analysis, and, therefore, Plaintiff's amended complaint relates back to the filing of his original complaint. His claims against Petrofac have not prescribed.

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 6th day of October, 2015.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

11