UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TESKA MOREAU ET AL.**                     **CIVIL ACTION**

**VERSUS**                                  **NO. 12-2027**

**SHELL OIL COMPANY**                       **SECTION "H"(2)**

### ORDER AND REASONS

Before the Court is Defendant Petrofac Training, Inc.'s Motion for Certificate of Appealability (Doc. 105). For the following reasons, the Motion is DENIED.

### BACKGROUND

On October 6, 2015, this Court denied Defendant Petrofac Training, Inc.'s ("Petrofac") Motion for Summary Judgment.[1] Petrofac now seeks certification for an interlocatory appeal of that denial under 28 U.S.C. § 1292(b).

---

[1] Doc. 104.

1

## LEGAL STANDARD

Under 28 U.S.C. § 1292 (b), a district court may certify an interlocutory order for appeal. It states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Accordingly, the standard under 28 U.S.C. § 1292(b) requires the consideration of three elements: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. The moving party carries the burden of showing the necessity of interlocutory appeal.[2] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[3]

## LAW AND ANALYSIS

In its Motion for Summary Judgment, Petrofac argued that Plaintiff's claims against it had prescribed. Plaintiff, on the other hand, argued that pursuant to Federal Rule of Civil Procedure 15(c)(1), his Amended Complaint

---

[2] *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Nos. 06–7145, 06–8769, 2007 WL 4365387, at *2 (E.D. La. Dec.11, 2007).

[3] *Id.* (quoting *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir.1983)).

related back to the date of his original filing.[4]  Petrofac rebutted that Rule 15(c) was inapplicable because Plaintiff's Amended Complaint *added* Petrofac as a defendant, rather than substituting it as required by Rule 15(c).  This Court ruled in favor of Plaintiff, holding that his Amended Complaint satisfied the substitution requirement of Rule 15(c).

Petrofac's instant Motion argues that the Court's ruling on its Motion for Summary Judgment is one over which there is substantial ground for difference of opinion.  In arguing this, it points to the Court's discussion of an area of unrest in the law surrounding Rule 15(c), which it discussed in regards to Defendant's argument that Plaintiff's Amended Complaint added Petrofac instead of substituting it.  This Court, however, expressly held that it "need not . . . resolve this dispute for purposes of this motion. . . . In adding Petrofac to this suit, Plaintiff substituted Petrofac in place of Shell on the claims that it had asserted in its original complaint."[5]  In other words, this Court did not have to rely on an area of law in which there is much dispute in forming its opinion.  Rather, it held that Plaintiff's Amended Complaint fit squarely within Rule 15(c) such that it was unnecessary to consider an unsettled area of law.  Accordingly, this Court holds that its ruling on Petrofac's Motion for Summary Judgment did not involve a question for which there is substantial ground for difference of opinion as required by § 1292(b).  Therefore, Petrofac is not entitled to a certificate of appealability for that order.

---

[4] "[A]mendment to pleadings is a procedural matter to be governed by federal law." *Welch v. Louisiana Power & Light Co.*, 466 F.2d 1344, 1345 (5th Cir. 1972).

[5] Doc. 104.

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 14th day of December, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**